EASTERN DIST.
*February,* 1836.

GARNIER ET AL.
*vs.*
PEYCHAUD'S
SUCCESSION.
preceded the sale, entitles the bidder to demand them on the adjudication, and justifies him in declining a compliance with the terms of sale, if they are withheld or refused.

---

## GARNIER ET AL *vs.* PEYCHAUD'S SUCCESSION.

#### APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

An inscription of a mortgage made the day before the death of the debtor, by one of the creditors, will have effect against all the others, although the succession proves to be insolvent and insufficient to pay all the creditors at the time it is opened.

An erased credit on a note in the possession of the creditor, is not conclusive proof, but may be repelled by evidence to show that it was erroneously endorsed.

A note with the signature of the debtor crossed or erased, is still admissible in evidence on the part of the creditor, to show he has paid it for the former, and is entitled to be refunded out of his estate. The erasure furnishes a presumption in favor of the debtor, but it is not a presumption *juris et de jure.* It may be entirely repelled by showing that the signature was crossed through error or inadvertency.

A note to which the deceased was no party, is *per se* inadmissible in evidence to charge his estate with its amount. But evidence to show that the proceeds of it when discounted went into his hands, is admissible.

The plaintiffs are opponents of the tableau of distribution filed by the syndic of the insolvent succession of **P. M. A. Peychaud, deceased.**

EASTERN DIST.
*February,* 1836.

GARNIER ET AL.
*vs.*
PEYCHAUD'S
SUCCESSION.

Garnier and others allege they are creditors of the estate of Peychaud to the amount of twelve thousand four hundred and seventy-five dollars, and that their claims have been placed on the tableau as ordinary debts. They allege that Hermann & Son are placed thereon as mortgaged creditors for the sum of two thousand dollars, to their prejudice, the judgment under which the mortgage is claimed not being recorded in time. That P. Guesnon is in like manner placed on the tableau as a mortgage creditor for two thousand five hundred dollars.

They also oppose the claim of Madame Peychaud for fourteen thousand dollars as an ordinary creditor, alleging that there is nothing due to her.

St. Martin and Christy also filed their joint opposition to the tableau joining in the opposition of Garnier and others, and asserting claims of their own which were omitted to be placed on the tableau.

Guesnon's judgment was recorded the 25th of February, and Peychaud died the 26th, being the next day thereafter. Hermann & Son's judgment was recorded the 20th of February. The opposition to it was given up.

Madame Peychaud's claim was contested on the trial of these oppositions. The evidence and facts relating to it are fully stated in the opinion of the court.

The judge presiding in the Court of Probates, overruled the oppositions to Hermann & Son's and Guesnon's privileged claims, and reduced the claim of Madame Peychaud to one thousand dollars. The claims of St. Martin and Christy were recognised and they placed on the tableau as ordinary creditors.

Madame Peychaud, Garnier and others, and St. Martin and Christy, appealed from the decree thus pronounced.

*Grailhe, Morphy* and *Benjamin,* for the opposing creditors.

1. Peychaud was insolvent at the time of his death, so that the recording of the judgment of Guesnon is null and of

EASTERN DIST. no effect, having been inscribed on the day previous to the
February, 1836. decease of the insolvent debtor. *Louisiana Code, 3326.*

GARNIER ET AL.
vs.
PEYCHAUD'S
SUCCESSION.

2. The term *failure* is used in the above article of the Louisiana Code. It says an inscription made after the *failure, or the day preceding it,* has no effect against creditors. The term failure signifies the situation of a debtor who finds himself unable to pay his debts. *Louisiana Code, article 3522, No. 15.*

3. The inscription of Guesnon's judgment being null and void according to the provisions of the Code, he must be placed among the ordinary creditors.

4. The claim of Madame Peychaud ought to be rejected for want of sufficient proof.

*Benjamin,* for the opposition of St. Martin and Christy.

*D. Seghers,* for Madame Peychaud.

*Deny,* for the privileged creditors.

*Bullard, J.,* delivered the opinion of the court.

The syndic of the estate of A. Peychaud, having filed a tableau of distribution, various oppositions were made by creditors, and the court having homologated the tableau with certain modifications, some of the opposing creditors prosecute the present appeal. We proceed to examine the several grounds of opposition, so far as they have been insisted on in this court.

An inscription of a mortgage made the day before the death of the debtor, by one of the creditors, will have effect against all the others, although the succession proves to be insolvent, and insufficient to pay all the creditors at the time it is opened.

The claim of P. Guesnon, assignee of M. Duralde, to be classed as an hypothecary creditor of the estate, is opposed on the ground that the judgment recovered against Peychaud, from which the judicial mortgage results, was not recorded in due time. That Peychaud died on the 26th February, 1834, and that the judgment was recorded on the day previous. In support of this opposition, reliance is placed on article 3326 of the Louisiana Code, which declares that an inscription made after the failure, or on the day preceding it, shall have no effect whatever against other creditors. We are of opinion that the court did not err in overruling the

EASTERN DIST.
February, 1836.

GARNIER ET AL.
vs.
PEYCHAUD'S
SUCCESSION.

opposition on this ground. The next article of the Code provides, that if a succession administered by a curator or beneficiary heir, is insufficient to satisfy the creditors, an inscription made by one of them after it is opened, shall have no effect against the others. This last article appears to us, to have provided for a case like the present, and clearly contemplates that an inscription will be valid against other creditors, if made at any time previous to the death of the debtor. It cannot be doubted, that if Peychaud had lived even another day, without making a surrender of his property, the mortgage would have attached, although it might appear afterwards, that he was in a state of insolvency. It is true this article does not speak expressly of estates administered by syndics, but the class of cases contemplated by it, in our opinion, embraces any which are insufficient to pay all the debts, and which are administered, primarily, for the benefit of creditors, whether by beneficiary heirs, administrators or syndics. *Ubi eadem est ratio, eadem est lex.* The previous article, we think, refers to a case of cession or surrender of property. It would, in most cases, be manifestly impossible to ascertain on what precise day a man had become really insolvent, when he should continue to administer his own property without either a forced or a voluntary surrender, and consequently impossible to decide what inscriptions would be valid or otherwise.

The widow of the deceased, claimed as a creditor about fourteen thousand dollars, and her claim was reduced by the Probate Court to one thousand dollars. She insists that the court erred in refusing to allow her, 1st, the amount of a note of the deceased for one thousand eight hundred and fifty dollars; and 2d, the sum of twelve thousand dollars, the proceeds of her own note in favor of C. Maurian, which she alleges was discounted, and the proceeds received by her husband.

I. Upon the trial of the opposition, her counsel offered in evidence a promissory note drawn by the deceased on the 7th December, 1833, to her order, at four months, endorsed by her and H. D. Peire; at the same time offering a witness

24

EASTERN DIST.
February, 1836.

GARNIER ET AL.
vs.
PEYCHAUD'S
SUCCESSION.

An erased credit on a note in the possession of the creditor, is not conclusive proof, but may be repelled by evidence, to show that it was erroneously endorsed.

A note with the signature of the debtor crossed or erased, is still admissible in evidence on the part of the creditor, to show he has paid it for the former, and is entitled to be refunded out of his estate. The erasure furnishes a presumption in favor of the debtor, but it is not a presumption juris et de jure. It may be entirely repelled, by showing that the signature was crossed through error or inadvertency.

A note to which the deceased was no party, is per se inadmissible in evidence , to charge his estate with its amount. But evidence to show that the proceeds of it when discounted went into his hands, is admissible.

to prove that the note was taken up by her at its maturity, after the death of her husband. The introduction of the evidence and note was opposed, on the ground that the signature of Peychaud to the note exhibited had been crossed, and that consequently neither the note nor oral evidence in explanation of the same, could be admitted. The court having sustained these objections, a bill of exception was taken. We are of opinion the court erred in rejecting the evidence. In the case of *Benson* vs. *Mathews,* we held that an erased credit on a note in the possession of the creditor, was not conclusive proof, but may be repelled by evidence to show that it was erroneously endorsed. The two cases are not strictly parallel, but the same principle applies. The erasure or crossing of the signature, furnishes a presumption in favor of the debtor, but it is not, in our opinion, a presumption *juris et de jure.* It is greatly weakened by the presumption resulting from the possession of the title itself, and may be entirely repelled by showing that the signature was crossed through error or inadvertency. Such is the doctrine taught by Pothier and by Duranton. *7 Louisiana Reports,* 356. *13 Duranton, No.* 432.

Under this view of the case, we should feel bound to remand the cause for a new trial, if the parties had not consented that the judgment should be reformed in this particular, and the credit allowed, if such should be the opinion of this court.

II. The widow next offered in evidence her own note in favor of Maurian, and endorsed by him and Tricou, which fell due long after the death of Peychaud, and to which he was not a party. The signature of Mrs. Peychaud had been erased from the note. She offered witnesses at the same time, to prove that the deceased had procured the note to be discounted, and that the proceeds had been delivered to him. This evidence was rejected, and a bill of exceptions taken. We are of opinion that the note *per se* was inadmissible to charge the estate. The deceased does not appear as a party, and must be considered as a stranger to the transaction. But evidence to show that the proceeds of it when discounted

EASTERN DIST.
*February,* 1836.
GARNIER ET AL.
*vs.*
PEYCHAUD'S
SUCCESSION.

went into the hands of the deceased, does not appear to us liable to the same objection. The case has been argued in this court, as if the evidence had been admitted, and the appellant cannot complain if the court now consider the fact as proved, which she offered to prove by witnesses, and proceed to adjudicate finally on the question.

The record shows that there existed no community of property between the parties; that Peychaud was in the habit of acting as the general agent of his wife, and that this transaction took place about the 6th November, 1833, three months before the death of Peychaud. The claim filed by the widow against the estate, is a round sum of fourteen thousand dollars, without any specification of items or dates, and the amount now claimed, added to those sums already allowed her, would exceed the amount claimed originally. The record further exhibits an act of retrocession of a house and lot, previously sold by Madame Peychaud to her husband, and which contains a settlement of money transactions between them. She acknowledges that a sum of nine thousand nine hundred dollars, and a further sum of twelve thousand five hundred dollars, with which her husband had charged himself, had been by him employed for her use. The result was a balance of two hundred and fifty-eight dollars and twelve cents in favor of the husband, which he admits she paid him in cash at the time. It is true this does not purport to be a general settlement of all accounts existing at the time between the parties, but it is also true, that less important sums are charged than that now claimed, and which, if received by the husband to be employed by him, must have been received two months previously. If it had been the intention of the parties that Peychaud should be charged with the proceeds of the note in question, it is not probable that so important an item would have been omitted, and the omission of it renders it probable that it had already been accounted for, or that he had received the proceeds of the note, merely to hand it over to his wife. This settlement was made a very short time before the death of the husband, and was intended to prevent litigation between their respective

EASTERN DIST.
February, 1836.

GARNIER ET AL.
vs.
PEYCHAUD'S
SUCCESSION.

heirs, which might grow out of a previous informal sale of the property by Madame Peychaud to her husband, and it is declared that the consideration of the re-sale is to be credited to the sums with which the husband had charged himself, " à valoir sur les sommes dont il s'est fait chargé pour elle." That she should pay him over in cash a trifling balance of two hundred and fifty-five dollars, when he owed her at the same time nearly twelve thousand dollars very recently received on her account, seems hardly consistent with that caution which appears to have marked her pecuniary transactions with her husband. Upon the whole, we are of opinion the evidence is insufficient to establish this part of her demand.

The claim of Olivier, as creditor for a less amount, has been opposed. The several notes in the record given from time to time, together with evidence that the deceased paid the interest at each renewal, appear to us sufficient to support his claim.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Probate Court, so far as relates to the claim of Madame Peychaud, be avoided and reversed ; and it is further ordered, adjudged and decreed, that she be placed on the tableau as a simple creditor, for the sum of two thousand eight hundred and fifty dollars, in lieu of one thousand dollars ; and it is further ordered, adjudged and decreed, that as relates to the other creditors, the judgment of the Court of Probates be affirmed, and that the tableau of distribution as therein corrected and as amended by this decree, be homologated ; the costs of this appeal to be paid by the succession.